UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In re:

RICHARD LELAND CAMPBELL,

Debtor.

Case No. 25-00736-BRW

Chapter 7

MEMORANDUM OF DECISION

I.  INTRODUCTION

Before the Court is a "Motion for Entry of Order Requiring Refund of Fees and Imposing Sanctions and Fines Against Bankruptcy Petition Preparer Canyon Drug Tests and Legal Forms L.L.C. Under 11 U.S.C. § 110"[1] (Doc. No. 26) (the "Motion") filed by counsel for the United States Trustee (the "UST").  Pursuant to the Motion, the UST seeks the turnover of fees received by Canyon Drug Tests and Legal Forms L.L.C. ("Canyon") to the Chapter 7 trustee, as well as an award of damages to Richard Leland Campbell (the "Debtor").

In the Motion, the UST alleges that Canyon, acting as a bankruptcy petition preparer ("BPP") violated § 110 (b), (c), (e), and (f).[2]  Susan Fry, owner of Canyon, filed a Response to the Motion on December 16, 2025, which included a Declaration by Veronica Rizo-Mares, the employee who provided services to the Debtor.  Doc. No. 28.  Subsequently, a telephonic hearing was held on the Court's Notice of Hearing (Doc. No. 22) related to the fee charged by

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all citations to a "Rule" are to the Federal Rules of Bankruptcy Procedure.

[2] While there were four violations alleged in the UST's motion, only § 110(e) and (f) remain at issue after the January 20, 2026, hearing.  Section 110(b) and (c) require a copy of a Bankruptcy Petition Preparer's Notice, Declaration, and Signature to be filed with the petition, usually accomplished by Official Form 119.  In the instant case, Form 119 had been filed but was sealed and inaccessible to the UST.  As such, the Court declined to take judicial notice of its absence and removes that alleged violation from discussion in this decision.

MEMORANDUM OF DECISION - 1

the BPP in this case on December 17, 2025, with appearances by the UST and Veronica Rizo-Mares.  During the hearing the Court noted the Motion and set it for an evidentiary hearing to allow the parties to offer testimony and evidence as to the issues presented.  Doc. No. 30.  The hearing on the Motion was held on January 20, 2026, in person, with appearances by the UST and the Debtor, but no appearance by Canyon or a representative thereof.  After an opportunity to present evidence, testimony, and argument, the Court took the matter under advisement.

Having considered the record, the evidence, and the arguments of the parties, the Court concludes that Canyon Drug Tests and Legal Forms L.L.C. violated multiple subsections of § 110.  This decision constitutes the Court's findings of fact and conclusions of law in accordance with Rules 7052 and 9014.

## II.  JURISDICTION, AUTHORITY, AND VENUE

This Court has subject matter jurisdiction over this proceeding as referred to it by the district court pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  This is a "core" proceeding and is within this Court's constitutional authority to adjudicate via final judgment or order.  28 U.S.C. § 157(b)(2)(A).  Finally, venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.  FINDINGS OF FACT[3]

The Debtor filed a pro se chapter 7 bankruptcy petition on September 19, 2025.  Doc. No. 1.  The Debtor utilized the services of Canyon to prepare his petition, schedules, and related

---

[3] Many of the facts recited herein come from matters the Court took judicial notice of and admitted into evidence at the January 20, 2026 hearing at the UST's request.  This Court is authorized to take judicial notice of "adjudicative facts" by Federal Rule of Evidence 201, which is applicable in bankruptcy proceedings by Rule 9017.  At the hearing, the Court also took judicial notice of its docket and admitted into evidence as non-hearsay statements of a party opponent under Federal Rule of Evidence 801(d)(2), statements made by owner of Canyon, Susan Fry, in an Objection/Response to the UST's motion as well as the statements made by employee Veronica Rizo-Mares in an attached Declaration.

MEMORANDUM OF DECISION - 2

documents. Disclosure of Compensation, Doc. No. 16; Obj./Resp. of BPP, Doc. No. 28 at Background ¶ 2. Canyon maintains a website offering "professional, attorney drafted forms for business, real estate, and personal matters without the high costs." Obj./Resp. of BPP, Doc. No. 28 at Background ¶ 12; *see also* Mot. to Disallow Fees and for Sanctions, Doc. No. 26 at ¶12. The website also advertises "[l]egal piece of mind within your budget" and includes a list of the "legal forms" they offer while inviting customers to call if their needs are not listed. *Id*. In addition to listing the services they provide, the bottom of the webpage provides the following disclaimer:

> DISCLAIMER: **Not an Attorney**: We are paralegals, not a lawyer. **No legal advice**: We cannot and will not give legal advice. **No Attorney-Client Relationship**: We are clarifying that our services do not create an attorney-client relationship. **Informational Purposes Only**: The information provide [sic] is for general informational purposes and is not a substitute for advice from a qualified attorney.

*Id*. (emphasis in original).

Canyon's services to the Debtor were provided by its employee Veronica Rizo-Mares. Bankruptcy Petition Preparer's Notice, Declaration, and Signature, Doc. No. 10; Dec. of Veronica Rizo-Mares, Doc. No. 28 at Background ¶ 3. Canyon charged and received $1,000 from the Debtor for its services. Disclosure of Compensation, Doc. No. 16. In providing its services, Canyon worked with the Debtor to "see if he was qualified" to file under chapter 7, the only bankruptcy chapter for which it offers its services. Obj./Resp. of BPP, Doc. No. 28 at Background ¶ 11. In response to the Debtor's concerns with losing his only vehicle, Ms. Rizo-Mares informed him "that Idaho has laws for protecting people's assets." Rizo-Mares Dec., Doc. No. 28 at Argument ¶ 5. Together, Ms. Rizo-Mares and the Debtor looked up Idaho's exemption laws and "found a law/exemption for his [sic] and his other property." *Id*.

MEMORANDUM OF DECISION - 3

## IV.  APPLICABLE LAW AND ANALYSIS

The services provided by BPPs are highly regulated by Congress under the Bankruptcy Code.  In 1994, § 110 was enacted to regulate the conduct of BPPs and protect consumers from fraudulent and deceptive practices.  *Bankruptcy Reform Act of 1994,* Pub. L. No. 103–394, § 308, 108 Stat. 4106, 4135-37 (1994); *In re Farness,* 244 B.R. 464, 466–67 (Bankr. D. Idaho 2000).  In doing so, the House Report explained that:

> [b]ankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner.  These services may take unfair advantage of persons who are ignorant of their rights both inside and outside of the bankruptcy system.

140 Cong. Rec. 27697 (1994); *see also In re Farness*, 244 B.R. at 466-67; *In re Doser*, 292 B.R. 652, 656-57 (D. Idaho 2003), *aff'd* 412 F.3d 1056 (9th Cir. 2005).  Consistent with this rationale, BPPs are required to comply with the requirements of § 110 of the Code and the limited scope of services it allows.  *In re Bush*, 275 B.R. 69, 79 (Bankr. D. Idaho 2002).

A "bankruptcy petition preparer" is defined as "a person, other than an attorney for the debtor or employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing."  § 110(a)(1).  The Bankruptcy Code's definition of the term "person" includes an "individual, partnership, or corporation," which includes a limited liability company like Canyon.  § 101(41); *In re Rosario*, 493 B.R. 292, n.28 (Bankr. D. Mass. 2013).  Thus, Canyon qualifies as a BPP because it received compensation for its services preparing the Debtor's petition and schedules for filing.  Disclosure of Compensation, Doc. No. 16.

MEMORANDUM OF DECISION - 4

A. <u>Canyon violated § 110(e)(2) by providing the Debtor with legal advice on possible exemptions and his qualifications for filing a petition.</u>

Consistent with the policy behind the enactment of § 110, the Code explicitly prohibits a BPP from providing legal advice to potential debtors. § 110(e)(2). The Code provides a non-exhaustive list of examples of prohibited legal advice, which includes whether to file under a particular chapter of the Bankruptcy Code. § 110(e)(2)(B)(i)(II). It also prohibits advising debtors whether they will be able to retain their home, car, or other property. § 110(e)(2)(B)(iii). Prior decisions have interpreted this provision to mean that providing a list of exemptions, advising a customer of available exemptions, and selecting applicable exemptions for a debtor all constitute legal advice. *See In re Farness*, 244 B.R. at 472 (noting that the choice of appropriate exemptions requires the exercise of legal judgment); *In re Bush*, 275 B.R. at 83 (same).

Canyon violated § 110(e)(2) of the Code by providing legal advice to the Debtor. Canyon employee Veronica Rizo-Mares stated that "[w]hen talking to Mr. Campbell [the Debtor], he was so worried about losing his only vehicle, and I told him that Idaho has laws for protecting people's assets. And we looked it up together and we found a law/exemption for his [sic] and his other property." Rizo-Mares Dec., Doc. No. 28 at Argument ¶ 5. This conversation, as recounted by Ms. Rizo-Mares, directly contravenes the Code and case law's prohibition on providing legal advice. In *In re Farness*, the court found that a BPP's conduct constituted prohibited legal advice under § 110 where it provided a list of available exemptions, applicable Idaho Code sections, and assistance in identifying possible exemptions. *In re Farness*, 244 B.R. at 470-71. This is comparable to Ms. Rizo-Mare's conduct in looking up and identifying the applicable "law/exemption" with the Debtor.

Additionally, Canyon improperly provided legal advice by determining whether the Debtor was qualified to file under chapter 7. Canyon's owner, Susan Fry, stated that the Debtor

MEMORANDUM OF DECISION - 5

indicated he needed to file a chapter 7 bankruptcy and that Ms. Rizo-Mares "then told him the first thing we needed to do was see if he qualified." Obj./Resp. of BPP, Doc. No. 28 at Background ¶ 11. The Code explicitly prohibits a BPP from advising the Debtor on whether "commencing a case under chapter 7, 11, 12, or 13 is appropriate." § 110(e)(2)(B)(i)(II). Determining whether a debtor "qualifies" for a certain bankruptcy chapter is analogous to advising him on the appropriateness of the commencement of his case under that chapter. As such, it constitutes prohibited legal advice under § 110. The only services a BPP is authorized to provide under the Code are those "solely limited to typing." 140 Cong. Rec. 27697 (1994); *see also In re Farness*, 244 B.R. at 466-67. Canyon's services went well beyond the scope authorized under § 110, and the Court therefore finds that Canyon violated § 110(e).

B. Canyon violated § 110(f) through its improper use of "legal" in its business name and advertisements.

In addition to restricting the services provided by BPPs, § 110 regulates their advertisements. § 110(f). Specifically, § 110(f) restricts BPPs from using the word "'legal' or any similar term in any advertisements . . . ." § 110(f). Notably, use of the term "legal" in a business's name is sufficient to violate this provision. *In re Bush*, 275 B.R. at 82 (finding that the use of the term "legal" in the trade name "Self-Help Legal Alternatives" violated § 110(f)(1)). Any disclaimer, context, or modifier applied to the use of the term "legal" is irrelevant as *any* use of the term constitutes a violation. *In re Farness*, 244 B.R. at 468 (emphasis added). The Ninth Circuit BAP further stated in *In re Wojcik* that § 110(f) was a strict liability provision. *See In re Wojcik*, 560 B.R. 763, 770 (9th Cir. BAP 2016) (finding that even a BPP's use of "paralegal" in their business name and on their website was prohibited by the Code).

Canyon operates and provides its services under the business name Canyon Drug Tests

MEMORANDUM OF DECISION - 6

and Legal Forms L.L.C. Its website advertises that the business provides "[l]egal peace of mind within your budget," "professional, attorney-drafted forms," and "legal forms." Obj./Resp. of BPP, Doc. No. 28 at Background ¶ 12; *see also* Doc. No. 26 at ¶ 12. Despite the website providing a disclaimer and indicating they are not attorneys and cannot offer legal advice, the use of the term "legal" nonetheless misleads prospective customers and improperly implies that Canyon can be hired in lieu of an attorney rather than merely providing the typing services allowed under § 110. *In re Farness*, 244 B.R. at 468-69. The Court therefore finds that Canyon's prominent use of the term "legal" both in its business name and on its website violates § 110(f).

C. Canyon's entire fee is ordered to be forfeited due to its violations of § 110(e) and (f).

As discussed above, the Court finds that Canyon violated the requirements of § 110(e) and (f). As such, the Court can take remedial action by disallowing its fees and issuing sanctions.

1. Section 110(h)(3)(A) & (B)

Section110(h)(3)(A) provides that a court "shall disallow and order the immediate turnover to the bankruptcy trustee any fee . . . found to be in excess of the value of any services" rendered by a BPP during the 12 months preceding the date the bankruptcy petition was filed. The reasonableness of a fee is determined on a case-by-case basis where the BPP bears the burden of establishing such reasonableness. *In re Bush*, 275 B.R. at 85-86.

Canyon charged $1,000 for its involvement in this case. Disclosure of Compensation, Doc. No. 16. The Court provided Canyon with the opportunity to appear with counsel at an evidentiary hearing in response to the Motion, but no representative appeared. While the Court could endeavor to conduct an independent analysis to determine a reasonable fee in this case, the

MEMORANDUM OF DECISION - 7

Court declines to do so given the violations of § 110 discussed above.  Section 110(h)(3)(B) provides that where a BPP fails to comply with subsections (b), (c), (d), (e), (f), or (g), all the fees charged "may be forfeited."  Having found that Canyon violated § 110(e) and (f), the Court exercises its discretion under § 110(h)(3)(B) and orders forfeiture of the entire fee.

However, it is noteworthy that a $1,000 charge for document preparation services is inherently suspect as it is nearly equivalent to prices charged by attorneys in this district for document preparation, legal advice, and representation in an uncomplicated chapter 7 case.  Such a fee further perpetuates the deception Congress sought to prevent by implying that the customer is receiving services beyond mere transcription.  Although this Court is not adopting a presumption of reasonableness or establishing a fee maximum, it is instructive to note that prior decisions have concluded that fees between $50 to $200 are reasonable.[4]

    2. Section 110(i)(1)

In addition to disallowing and returning BPP fees that exceed the reasonable value of their services under § 110(h)(3)(A), the entire fee under § 110(h)(3)(B) if a BPP violates § 110, or is found by the Court to have committed a fraudulent, unfair, or deceptive act, the Code provides for an additional amount to be paid to the debtor.  § 110(i)(1).  This amount includes the debtor's actual damages, the greater of $2,000 or twice the amount paid to the BPP, and

---

[4] In 2002, the Court found that a fee of $50 to $60 was reasonable for a typical consumer bankruptcy case. *In re Bush*, 275 B.R. at 85-86.  That same year, the Court also found $100 to be a reasonable fee. *In re Doser*, 281 B.R. at 319.  Likewise in 2005, a fee of $100 was found to be reasonable.  *In re Burrup*, 2005 WL 4705280 at *3 (Bankr. D. Idaho Dec. 16, 2005).  While these cases are over a decade old, several other districts have limited compensation to similar amounts more recently.  Pursuant to their Local Bankruptcy Rule 1001(d), the U.S. Bankruptcy Court for the Eastern District of California has adopted guidelines limiting the amount a BPP can charge a debtor to $200.  Gen. Order No. 23-06, *In re Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Cases*, Bankr. E.D. Cal. (July 14, 2023).  Similarly, the U.S. Bankruptcy Court for the Eastern District of Michigan has issued an order setting a presumptive maximum allowable fee of $100.  Admin. Order. No. 10-21, *In re Maximum Allowable Fee Chargeable by a Bankruptcy Petition Preparer*, Bankr. E.D. Mich. (Apr. 20, 2010).

MEMORANDUM OF DECISION - 8

reasonable attorney's fees and costs associated with the motion. § 110(i)(1). The UST has requested payment of this additional amount in this case.

Under this section, the additional fee assessed upon Canyon need not be premised on a finding of a fraudulent, unfair, or deceptive act.[5] Instead, this Court's finding that § 110(e) and (f) were violated by the BPP is sufficient to trigger this additional fee. § 110(i)(1). As the Debtor has incurred no attorney's fees and no actual damages were proven, the Court will impose a $2,000 fee as that amount represents both the maximum permitted by the statute as well as twice the amount paid by the Debtor to Canyon.

## V.  CONCLUSION

Based on the above analysis, the Motion is GRANTED. Canyon Drug Tests and Legal Forms L.L.C. is required to forfeit its entire $1,000 fee to Timothy R. Kurtz, chapter 7 trustee pursuant to § 110(h)(3)(B) and pay an additional fee of $2,000 to the Debtor pursuant to § 110(i)(1).

A separate order will be entered.



DATED: February 4, 2026

Brent R. Wilson
U.S. Bankruptcy Judge

---

[5] Although the Court does not need to find deception to warrant this additional fee, the facts indicate that Canyon's improper legal advice and use of "legal" in its name likely constitutes a fraudulent, unfair, or deceptive act as contemplated under § 110(i)(1). *In re Bush*, 275 B.R. 69 at 82–3 (finding that a BPP's engagement in the unauthorized practice of law and use of the word "legal" in its business name was a fraudulent, unfair, or deceptive act).

MEMORANDUM OF DECISION - 9